UNITED STATES DISTRICT COURT

District of Columbia

Article III Court of Law

**FILED**

APR - 3 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Jose Abraham Espino-Rangel #64642-180
Federal Corrections Inst.
P.O. Box 5000
Oakdale, La. 71463

v.

United States of America

Respondent

Jurisdiction
Federal Question

Civil Docket No.
(to be assigned)

Case: 1:08-cv-00600
Assigned To : Huvelle, Ellen S.
Assign. Date : 4/3/2008
Description: Pro Se General Civil

---

## "Independent Action"

**Brought to Vacate Void Judgement Due to Lack of Subject Matter Jurisdiction Pursuant to Federal Rule of Civil Procedure 60(b)(4)**

---

Petitioner Jose Abraham Espino-Rangel, a Citizen of the United States, herein Pro-per, (in his proper person), not pro-se,(on behalf of), brings this **independent action**, not a motion, to vacate the **Civil Judgement in a Criminal Case,** issued from an administrative Federal District Court, operating as a "State Court", on behalf of, and under the Local Civil Rules of the District of columbia, due to a lack of subject matter jurisdiction, in Western District of Texas, Docket No. EP-06-CR-0052-PRM.

This independent action arises under the Fifth, Sixth, and Fourteenth Amendments to the Constitution for the United States. therefore, it is an original civil process, pursuant to Title 28 U.S.C. § 1914(a), that requires a Three Hundred and Fifty Dollar filing fee, which has be included.

## Jurisdiction of This Article III Court

While this petitioner's criminal case was conducted in an executive styled Federal Disrtict Court utilizing the civil law mode of criminal procedure, on behalf of this legislative State of the District of Columbia, special **notice** should be taken to the captions of this independent action, which is specifically directed to the Article III district court of the United States pursuant to <u>Mookini</u>:

> The term "District Courts of the United States," as used in the rules, without and addition expressing a wider connotation, has its historical significance. It describes the **constitutional courts created under article 3 of the Constitution.** Courts of the Territories are legislative courts, properly speaking, and are not District Courts of the United States. (emphasis added)

<u>Mokini v. United States</u>, (1938) 303 U.S. 201, 82 L.Ed. 748, 58 S.Ct. 543

The federal district courts are courts of very limited jurisdiction but nonetheless empowered to make a lawful determination as to the existence of subject matter jurisdiction, when the absence of it, would infringe on the substantial rights of a sovereign citizen.

**Such is the case here.**

Recently, the Supreme Court has expressed that Federal Rule of Civil Procedure 60(b) can be used procedurally to address <u>subject matter jurisdiiction</u> concerns and remains available for use on **void** judgments.

> Rule 60(b) has an unquestionably valid role to play in habeas cases. The Rule is often used to relieve parties from the effect of a default judgment mistakenly entered against them... a function as legitimate in habeas cases as in run-of-the-mill civil cases. **The Rule also preserves parties' opportunity to obtain vacatur of a judgement that is <u>void for lack of subject matter jurisdiction</u>** - a consideration just as valid in habeas cases as in any other since absence of jurisdiction althogether deprives a federal court of the power to adjudicate the rights of the parties. (emphasis added)

<u>Gonzalez v. Crosby</u>, (2005) 162 L.Ed 2d at 494

The Gonzalez Court becomes even more noteworthy since it deals with

2

the rights of an individual who had already filed a 28 U.S.C. §2254 habeas petition and was facing the AEDPA restrictions for filing a second or successive petition. The United States Supreme Court has now made it abundantly clear that there are no procedural barriers for vacating judgments void for lack of subject matter jurisdiction and Rule 60(b) remain available for that purpose.

The very last sentence of Federal Rule of Civil Procedure 60(b) states, "relief from a judgment shall be by motion as prescribed in these rules or by **independent action**." Bills of review, writs of coram vobis, and other common law remedies are abolished and relief for an invalid or void judgment  must be secured by use of Rule 60(b).

That being said, petitioner presents this independent action via Rule 60(b)(4), due to a civil judgment (in a so-called criminal case), completely void of all subject matter jurisdiction. In essence this 60(b) action is a "writ of error" or "writ of right" sounding at law, not in equity. While this petitioner is looking for equitable relief, that is far different than a request for "in equity" relief.

Petitioner has never raised any of the jurisdictional issues contained within this Rule 60(b) action on either direct appeal or section 2255 motion. Since 28 U.S.C. § 2255 was enacted as an additional judicial remedy, by the 80th Congress, it is completly inadequate, even if relief by Rule 60(b) wasn't available. Under the 1976 Adoption of the "Rules Governing Section 2255 Proceedings," it is clearly stated, "a motion under § 2255 is a further step in the movant's criminal case and not a separate civil action." The Moment the trial Court allows a **separate civil docket number** to be entered on a submitted § 2255 motion, it is admitting that it is a quasi-judicial entity which does not have the jurisdiction to address the manifest constitutional injustice this Rule 60(b) action raises. for those who carefully read the

3

law, not only is the assigning of a "designated related case" civil docket number, prima facie proof of the trial Court's lack of jurisdiction, the Rules Governing § 2255 Proceedings make it obvious that motions by section 2255 have become an exercise in futility.

Simply compare Rule No. 1, which requires filing into an Article III district court, with Rule No 4 which requires the clerk to forward the § 2255 motion, to the judge **who conducted** the trial and sentencing proceedings for screening. The trial/sentencing Judge or "Judicial Officer", was not operating pursuant to Article III, so compliance with Rule No. 1 is an impossibility, hence the assignment of the civil number, which isn't <u>authorized</u> in both the § 2255 statute or the Rules Governing § 2255 Proceeding! If anything, Rule 60(b) appears to be the modern day substitute for what § 2255 was supposed to accomplish.

While this independent action may appear to be "habeas" in nature, the application of Rule 60(b)(4) is quite appropriate pursuant to <u>Gonzalez</u>, supra, for judgments void for lack of subject matter jurisdiction. A void judgment is always void, regardless of any other factors, and there are no time restrictions for filing an independent action pursuant to Rule 60(b)(4). <u>In addition, the burden of proof of demonstrating that subject matter jurisdiction ever existed falls squarley on the shoulders of the respondent</u>. Moreover, since subject matter jurisdiction is an essential fundamental element to any proceeding, the judge made doctrine of procedural default is inapplicable and the district court of the United States does have jurisdiction to address the multiple due process violations this independent action raises. The "Erie Doctrine", the "Rule of Decisions Act", and the 4 catagories of "Abstention" are equally inapplicable in this matter. <u>Specialized federal common law</u> and both the written and unwritten policies of the State of the District of Columbia should be enjoined.

4

## Standing of Petitioner Requiring Article III Review

1. Petitioner was born in a union state and is domiciled in a union state making him a sovereign citizen of the United States pursuant to the Fourteenth Amendment.

2. As a sovereign citizen of the United States, this petitioner is guaranteed due process of law in the Fifth and Fourteenth Amendments to the Constitution.

3. As a sovereign citizen this petitioner is guarnteed "Trial by Jury" in the Sixth Amendment and Article III of the Constitution.

4. As a sovereign citizen this petitioner is guaranteed to retain all of his rights not enumerated in the Constitution pursuant to the Ninth Amendment. **This especially pertains to the wrongful use of presumptions by the legislative State of the District of Columbia.**

5. Petitioner maintains no continuous or systematic contact with the District of Columbia, beyond that of a casual relationship.

6. Petitioner has no commercial activity with the District of Columbia.

7. Petitioner bears no responsibility for any corporate bankruptcy he has not expressly signed. (1934 - "United States of America")

8. Petitioner cannot lawfully be found in the  jurisdiction of the District of Columbia.

9. Petitioner is not a member or citizen of the administrative society, body politic, or unincorporated association commonly known as the UNITED STATES OF AMERICA, by **presumption** or otherwise.

10. Petitioner meets the "injury in fact" requirements set forth by the United States Supreme Court.

11. Petitioner maintains no aliases or "legal fictions". The use of an idem sonans or ens legis for this  petitioner is done without his consent and petitioner states herein, **by specific negative averment**, that only the real person, spelled properly in upper and lower case letters has representative capacity for this petitioner, who is a natural person with unalienable rights.

12. Petitioner is a "foreign State" pursuant to Title 28 § 1603 who has an actual controversy, not a civil dispute, with the "legislative State" of the District of Columbia established at Title 4 § 112(b).

## Venue and other Concerns

There are no venue concerns in regards to this independent action. There is also no need for forum conveniens. There is either subject matter jurisdiction or there isn't subject matter juridiction. This Rule 60(b) action does not present any case or controversy with the United States as a party. In fact, though this petitioner has named a respondent in this action in the captions, this Article III court could easily make "ex parte" ruling, if it desires to. Petitioner has provided some examples of the many case citings supporting this:

Independent actions allowed by Rule 60(b) are not confined to court that rendered judgment being attacked, but may be brought in any other court of competent jurisdiction; however, ordinarily preferred choice would be that court which rendered judgment.
Carr v. District of Columbia, (1976) 543 F2d 917

Federal court has jurisdiction under Rule 60(b) to entertain independent action to relieve  party from judgment rendered by another court.

D'Addino v. Dulles, (1954) 136 F Supp 417

Independent action under FRCP 60(b) may be brought in court other than court that issued contested order.

Morrel v Nationwide Mut. Fire Ins. Co., (1999) 188 F 3d 1002

This petitioner is not requesting a Federal District Court to review a judgment issued from another Federal District Court. This petitioner is requesting the Article III district court of the United States to declare the "civil Justice" obtained JUDGMENT OF A STATE COURT, operating out of a Federal district, **void,** for lack of both personal and subject matter jurisdiction. While personal jurisdiction can be waived, by exploitation of ignorance, the due process of law required to obtain and maintain subject matter jurisdiction is not waivable. The plain manifest constitutional error this action will demonstrate didn't just result in a voidable judgment, but a judgment that was always void from its inception.

6

A judgement is void when it is beyond a court's power to render and a "State" court's power to act must be **Ousted** when it runs afoul of the due process guarantees of the Constitution. When a "precinct" or "State" Court for the District of Columbia chooses to proceed, in these circumstances, its actions are not merely erroneous, but beyond its power, void, and subject to collateral attack. This independent action must not be considered a petition for "habeas corpus" and petitioner is <u>not asking</u> for **Release from incarceration** as relief. Additionally this Rule 60(b) independent action should not be construed to be a civil complaint pursuant to "The Prisoner Litigation Reform Act of 1995".

Petitioner <u>is not seeking monetary damages</u> via the PLRA and the <u>only relief</u>, this independent action seeks is a **voiding** of the "civil" JUDGMENT and a refunding of any special assessment fees that may have been payed as a result of the invalid judgment. This district court has jurisdiction over this Rule 60(b) action pursuant to Title 28§1331, as well as the Constitution itself, and <u>Gonzalez</u> has paved the way procedurally for this court to act on judgments that are void due to lack of subject matter jurisdiction. There is no valid reason for this action to undergo "State law review", "a civil justice process", or any by the Constitution and the Bill of Rights.

### Summary Introduction

While this petitioner can demonstrate lack of subject matter jurisdiction in numerous ways, this independent action only raises four simple points. (1) There was no valid grand jury indictment ever returned by a true Constitutional Grand Jury and,. (2) There was no "Trial by Jury" ever held pursuant to the Constitution and Bill of Rights,. (3) Speedy Trial Act Violations as an Attachment. (4) **A UN-Signed Indictment** by the Foreperson of the Grand Jury also as an Attachment

7.

## History of Law

Our founding fathers were brilliant men who had seen the judicial injustice occuring in the much dreaded Star Chamber courts, where judges acting without juries could perform outrageous deeds. Ambitious judges loyal to the crown and currying <u>executive</u> favor could and did become tools for tyranny. This is why due process and the importance of juries appears in no less than three amendments - The Fifth, Sixth, and Seventh. In addition, the Northwest Ordinance was secured in its entirety by Article VI, ¶ 1 of the Constitution making it <u>organic law</u> and part of the "supreme Law of the Land".

> The inhabitants of the said territory <u>shall</u> always be entitled to the benefits of the writ of habeas corpus, and of **trial by jury;** of a proportionate representation of the people in the legislature; and of **judicial proceedings according to the course of the common law...**No man shall be deprived of his liberty or property but by the **judgement of his peers** or the law of the land... (emphasis added)

<u>Article 2 - Northwest Ordinance of July 13, 1787</u>

Unfortunately, even though this petitioner is guaranteed due process by the supreme Law of the Land, he did not have "Trial by Jury" pursuant to the Sixth Amendment and Article III of the Constitution. Nor did this petitioner have "judicial proceedings according to the course of the common law". Finally petitioner has no choice but to challenge subject matter jurisdiction by using Rule 60(b) of the Federal Rules of Civil Procedure since the benefits of the writ of habeas corpus are even procedurally barred by the non-judicial executive District Courts operating on behalf of the District of Columbia. The "appearance of justice" was not what the Framers had in mind when they drafted our Constitution. In perhaps the best written Supreme Court decision in the last one hundred years, Justice Scalia beautifully

8

layed out the difference between common law and civil law in <u>Crawford</u> <u>v. Washington</u>, (2004) 541 U.S. 36, 158 L.Ed 2d 177, 124 S.Ct.1354

Crawford is drafted some two hundred years plus since our Constitution, Yet the message remains the same. The importance that our founding fathers placed on due·process must never be disregarded. <u>Crawford</u> while discussing the  confrontation clause of the Sixth Amendment went on to condemn the civil law mode of criminal procedure which is currently in use by our Federal Justice System:

> (1) The confrontation clause had to be interpreted while keeping in mind the inference, <u>supported by history</u> that the **principal evil** at which the clause was directed was **the civil-law mode of criminal procedure;**...(emphasis added)

<u>Crawford</u>, supra, 158 L.Ed 2d at page 179

Just two months after <u>Crawford</u>, Justice Scalia once again demonstrated the importance of common law in another opinion he delivered:

> There is not one shred of doubt, however, about the Framers paradigm for criminal justice, **not the civil-law ideal** of administrative perfection, **but the common-law ideal** of <u>limited</u> state power accomplished by strict division between judge and jury.  (emphasis added)

<u>Blakely v. Washington</u>, (2004) 542 U.S. 296, 159 L.Ed. 2d at page 421, 124 S. Ct. 2531

The Supreme Court has been consistent when it comes to due process, the Fifth and Sixth Amendments, and sovereign rights protected by our Constitution. It is clear that due process is as important today as it was over 200 hundred years ago. It is also cited in multiple Supreme Court cases, that without due process there is <u>no subject</u> <u>matter jurisdiction</u>, (i.e. - see <u>Johnson v. Zerbst</u>, (1938) 304 U.S. 458, 58 S.Ct. 1019)

As this independent action will adequately demonstrate, the most fundamental due process rights that establish personal and subject matter jurisdiction were violated from the inception of the case.

9

There was no Lawful Indictment Pursuant to the Fifth Amendment
Leaving the Charging Instrument <u>Void of Subject Matter Jurisdiction</u>
     In Western District of Missouri Docket No. 04-05-CR-44-GAF

The Grand Jury clause in the Fifth Amendment to the Constitution
for the United States reads as follows:

> No person shall be held to answer for a capital or
> otherwise infamous crime unless on a presentment or
> indictment of a Grand Jury, except in cases arising
> in the land or naval forces, or in the Militia, when in
> actual service in time of War or Public danger; nor shall
> any person be subject for the same offense to the twice
> put in jeopardy of life or limb; nor shall be compelled
> in any criminal case to be a witness against himself,
> <u>nor be deprived of life, liberty</u>, or property, **without
> due process of law;** nor shall private property be taken
> for public use, without just compensation. (emphasis added)

The key words are in emphasis, supra, "without due process of
law". Subject matter jurisdiction is conferred by the Constitution and
statutes and relates directly to the court's power to adjudicate an
issue. What is not covered by statutes are often covered by the Federal
Rules of Civil and Criminal Procedure. To a certain degree, the Rules
are even more important than laws, since when the two collide the
Rules prevail. (see Title 28 § 2072(b) )

The Fifth Amendment grand jury right serves a vital function in
providing for a body of citizens, a necessary check on prosecutorial
power. Without it, porsecutors would essentially have a free hand to
do whatever they pleased and the rights of the sovereign would be
compromised as a result. Federal Rule of Criminal Procedure no. 6 is
in place to preserve due process as it outlines the proper procedure
for convening and operating both a federal and special grand jury.

Criminal rule No. 6 reads as follow on Page 11.

10

Federal Rule of Criminal Procedure No. 6

(b) Objections to Grand Jury and Grand Jurors.

    (1) Challenges. The Attorney for the government or a defendant who has been held to answer in the district court may challenge the array of jurors on the ground that the grand jury was not selected, drawn or summoned in accordance with Law, and may challenge an individual juror on the ground that the juror is not legally qualified. Challenges shall be made before the administration of the oath to the jurors and shall be tried by court. (emphasis added)

    (c)    Foreperson and Deputy Foreperson. The court shall appoint one of the jurors to be foreperson and another to be deputy foreperson. The foreperson shall have power to administer oaths and affirmations and shall sign all indictments. The foreperson or another juror designated by the foreperson shall keep a record of the number of jurors concurring in the finding of every indictment and shall file the record with clerk of the court, but the record shall not be made public except on order of the court. During the absence of the foreperson the Deputy foreperson shall act as foreperson.

    (f)    Finding and Return of Indictment. An indictment may be found only upon the concurrence of 12 or more jurors. The indictment shall be returned by the grand jury to a federal magistrate judge in open court. If a complaint of information is pending against the defendant and 12 jurors do not concur in finding an indictment, the foreperson shall so report to a federal magistrate judge in writing forthwith. (emphasis added)

A careful examination of the above Rules will demonstrate several violations of due process of law in addition to violation of statute. More importantly, it will be demonstrated that there never was any subject matter jurisdiction in petitioner's case pursuant to a valid indictment that was in conformity with the above Rules.

11

As Title 28 § 1867 allows for challenging the petit jury selection _before_ the voir dire examination and taking of any oaths, Criminal Rule 6(b)(1) similarly allowed for challenging the array of grand jurors _before_ the administration of the oath to the jurors. This is a clear requirement of the due process of law and petitioner, nor his counsel, were ever _noticed_ of any grand jury convening effectively denying him this fundamental right. The opportunity to determine if the grand jurors were "worthy accusers" was completely denied this petitioner. Of course, this violation of Criminal Rule 6(b)(1), in and of itself, would probably not constitute an indictment rendered void of subject matter jurisdiction. Indeed one can even take the position that this petitioner waived his right to challenging the grand jury array by not objecting at an earlier date. However, this is only the **beginning** of the matter, and as will be demonstrated, the cumalative violations of multiple provisions of Criminal rule No. 6, resulted in a completely **invalid,** not defective INDICTMENT.

Federal Criminal Rule 6(c) - requires a member of the grand jury to file the **voting concurrence forms with the clerk of the court.** While the specific voting records themselves are not for public viewing, there should at a minimum be an entry _somewhere_, indicating that the voting records were at least filed. This petitioner could not locate any entry on the master docket showing compliance with this rule. Moreover, the clerk of the court appears to have no knowledge of Criminal Rule 6(c) when questioned about the voting records. The master docket simply indicates that an INDICTMENT was filed. There appears to be no way of verifying who "voted on it" or "filed it". Petitioner deduces that a prosecutor filed it, since lawful indictments are **returned,** **not filed,** in an **open court proceeding** pursuant to Criminal Rule 6(f).

12

Of course, one can simply cross-check Criminal Rule 6(c) against
Criminal Rule 6(f) quite easily. If the appointed grand juror in
charge of filing the **concurrence forms/voting records** with the clerk
innocently forgot to do their job, there would still be a record pursuant
to Criminal Rule 6(f). Any interested party should be able to acquire
a copy of the **open court** proceeding transcript, where the grand jury
as <u>a body</u> is required to return an Indictment to a federal magistrate
judge. Criminal Rule 6(f) is very specific and mandates that the
indictment be returned to a magistrate. There is no provision within
it which allows for this process to be skipped. To insure the integrity
of the grand jury proceedings and **open court** proceedings a court re-
porter must keep an electronic recording or transcript by statute.

§ 753 **Reporters** (28U.S.C.)

> (b) Each session of the court and every other pro-
> ceeding designated by **rule** or order of the court or by
> one of the judges shall be recorded verbatim by short-
> hand, mechanical means, electronic sound recording, or
> any other method...Proceedings to be recorded under
> this section include (1) all proceedings in criminal
> cases had in **open court**; (2) all proceedings in other
> cases had in **open court** unless the parties with the
> approval of the judge shall agree specifically to the
> contrary...(emphasis added)

Since Criminal Rule 6(f) mandates that the indictment be returned
in **open court** petitioner felt it prudent to define exactly what the
words **open court** represents -

> **Open court.** Common law requires a trial in open court;
> "open court" means a court to which the public have a
> right to be admitted. <u>People v. Rose</u>, 82 Misc.2d 429,
> 368 N.Y.S. 2d 387,390. This term may mean either a
> court which has been formally convened and declared
> open for the transaction of its proper judicial business,
> or a court which is freely open to spectators.

<u>Black's Law Dictionary - Sixth Edition</u>

Proper court and law ethics would also require the plaintiff's

13

attorneys to **notify** this petitioner's counsel of an open court

proceeding occuring regarding his or her client. Though the Supreme

Court has made the importance of "Notice" plainly clear in several of

its decisions, counsel for the Government chose to ignore the noti-

fication process required in Criminal Rule 6(b) (1) and Rule 6(f).

There appears to be an even more serious problem.

Uponcontacting the court reporter's office, this petitioner has

uncovered the fact that there is <u>no transcript</u> of any **open court**

proceeding having ever taken place where an indictment was returned

against this petitioner. Not only did the grand jury fail to appear

as an entire body in front of a federal magistrate judge as required

by Criminal Rule 6(f) at the time of petitioner's INDICTMENT, there

is no record of a single grand juror appearing at an **open court**

proceeding as mandated by the current amended Criminal Rule 6(f).

These violations of Criminal Rule 6(b)(1), 6(c) and 6(f) when

taken together demonstrate error so fundamental to our Constitutitonal

protections that ·the INDICTMENT rendered cannot be considered a Lawful

indictment at all. This was not a defect in form only that can be

waived away by calling it minor procedural error. The due process

violations of the Fifth Amendment and Criminal Rule 6 resulted in a

charging instrument fatal from its inception and completely lacking

in <u>subject matter jursidiction</u>. Defects can be corrected, however there

is no cure for an invalid indictment created out of <u>whole cloth</u>, instead

of due process of law. This violation of petitioner's substantial rights

comes directly under Federal Rule of Criminal Procedure no. 52(a), not

(b), which mandates correction when you remove the double negative. (delete

the word "not" and the prefix "dis" from the word "regarded" in Rule

52(a) to arrive at the proper meaning). Unfortunately for the

plaintiff's attorney, the only correction for an INDICTMENT void

14

for lack of subject matter jurisdiction is a **vacatur of the** judgment.

Criminal Rule 52 (a) mandates that any error or irregularity that effects substantial rights <u>must</u> be regarded. An INDICTMENT conceived by zealous prosecutors instead of the due process of law of a lawfully empowered grand jury pursuant to the Fifth Amendment, is <u>well-beyond</u> the requirements needed to vacate the judgment in this matter.

The multiple errors that occurred by a complete disregard of Criminal Rule No. 6 so deeply prejudiced this petitioner's substantial rights, that it **"affected the fairness, integrity, or public reputation of judicial proceedings".** (This bold-typed description, supra, is exactly verbatim what the Supreme Court opinioned in <u>United States v. Cotton</u>, (2002) 535 U.S. 625, 152 L.Ed2d 260, 122 S.Ct. 1781 as a non-tolerable violation of due process of law.)

Since it is not realistic to accept that a federal magistrate judge, the prosecutors, the members of the grand jury, and even the court reporters decided to completely disregard the Rules and the law, this petitioner can only arrive at one conclusion by deductive reasoning. The grand jury process used to INDICT this petitioner must have been a **non-judicial** proceeding done by a **quasi SPECIAL GRAND JURY** completely outside the due process requirements of the Constitution and Criminal Rule No. 6, operating in the course of the civil law.

Subject matter jurisdiction <u>never</u> lawfully existed pursuant to a lawful Fifth Amendment authorized Grand Jury, and the Federal Rules of Criminal Procedure were apparantly not applicable to the irregular civil - justice system that was used. The INDICTMENT that was used in petitioner's criminal case is void for lack of subject matter jurisdiction, unconstitutional as applied, and even appears to be evidence of fraud being committed upon the trial Court.

15

There Was no Lawful Trial by Jury held Pursuant to the Sixth amendment leaving the Trial Court <u>Without Subject Matter Jurisdiction</u> in Western District of Texas Western Division Docket No. EP-06-CR-0052-PRM.

In addition to Article III of the Constitution and the Northwest Ordiance, due process of Law is outlined in the Sixth Amendment.

> In all criminal **prosecutions,** the accuse shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shal have been committed, which district shall have been previously asscertained by law, and to be <u>informed</u> of the **nature and cause** of the accusation; to be confronted with the witnesses aganist him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense. (Emphasis Added)

<u>Sixth Amendment to the Constitution for the United States</u>

Even if there had been a lawful indictment in petitioner's case, the trial court lost any and all <u>subject matter jurisdiction</u> it may have had when it held "trial **with** a jury (by the court)", instead of true "Trial by Jury as mandated by Article III of the Constitution and the Sixth Amendment. Perhaps the Trial Court had no choice but to conduct a quasi-judicial proceeding, in the course of the civil law, due to the plaintiffs attorney failing to provide a proper indictment as authorized by the Fifth Amendment and Criminal Rule No. 6.

The Procedural due process fundamental to protecting this Citizens rights pursuant to proper Trial by Jury partially included:

1. Jurors take an oath to the Constitution, not the court.
2. Judges guide and instruct in the law, but <u>don't</u> charge the jury.
3. Court is only in session when the jury is present.
4. Citizens are provided with <u>notice</u> of nature and cause pursuant to the Sixth Amendments, not **nature and circumstance.**
5. Citizens can take "counsel" with any individual of their choice and are not restricted to "attorneys-at-law".(bar members)
6. The accused receive **Criminal prosecutions done in the course of the common law** in a judicial court of the United States, <u>not</u> a **Criminal proceeding done in the course of the <u>civil law</u>** in a non-judicial Court, operating on behalf of a Legislative State.

None of the listed above was followed at this petitioner's trial and this petitioner has <u>only</u> listed a small fraction of the due process

requirements of Trial by Jury. Even though this Petitioner was given a Trial by Jury of Twelve. But little to his awarness of how the quasi-judicial Jury <u>was not allowed</u> to preform as a Jury in Accordance with Article III of the Constitution and the Sixth Amendment. So taking his counsels advice he elected to have a "Jury Trial" based on the advice of his counsel which at the time this petitioner thought his counsel was properly informing him. Little did he know that a "Jury Trial" the Judge has all the power to assure a conviction. Which the Judge made clear once the Proceedings begun. This was a violation of the mandate the United States Supreme Court delivered some 70 years ago, where even a Jury of eleven instead of twelve, was not permissable without the consent of the Criminal Defendant.

> Before any waiver of the right of one charged with crime to **Trial by jury** can become effective, the Consent of government counsel and the SANCTION OF THE COURT must be had, in addition to the <u>express and intelligent consent</u> of the defendant, and the duty of the trial court in that regard is not to be discharged as a mere matter of note, but with sound and advised discretion, wtih an eye to avoid unreasonable or **undue** departures from that mode of trial, or from any of the essential elements thereof, and with a caution increasing in degree as the offenses delt with increase in gravity. (emphais added)

<u>Patton v. United States</u>, (1930) 281 U.S. 276, 74 L.Ed.854

Without due process there is <u>no subject matter jurisdiction</u>. This is especially true with the due process defined by the Bill of Rights. To ensure the integrity of the Jurical Process, juries in the early years of our great nation, were considered part of the judiciary. Jurors, <u>not the Judge</u> were finders of <u>both</u> the fact and the Law. In 1788, the very popular <u>Anti-Federalist Maryland farmer</u>, noted the awesome responsibility given jurors and stated that although ordinary folk were "much degraded in the powers of the mind", jury service would uplift them, **"Give them power and they will find understanding to use it."** In opposite to this, the Judge in petititioner's Criminal Case, was **one huandred percent** in

17

agreeance with the prosecutor. Which the facts that were allowed by both the Prosecutor and Defense was totally controlled by the Court. Clearly, he who controls the evidence controls the outcome and the Court usurping fact-finding authority from the jury is plainly seen by simply reviewing the JUDGMENT IN A CRIMINAL CASE which states:

**The Court adopts the factual findings and guideline application in the presentence report.**

This above statement from the Judgment, by itself, should be enough to render the judgment void for lack of subject matter jurisdiction. The trial court adopting as fact, the findings of an employee of the Department of Justice, instead of calling upon an impartial jury of twelve and then using that information to determine the length of time a person should be incarcerated for, is a complete and total disregard of the due process required by the Sixth Amendment. In fact, this act clearly makes the trial court in petitioner's case, part of the Executive Branch, not the Judicial branch of Government.

There can be no doubt that the trial court was not operating under Article III of the Constitution and there is no seperation-of-powers violations to address. There is simply no lawful jurisdiction. There is no provision in the Constitution that would allow for any quasi-judicial criminal proceedings held in the civil law mode of procedure. Judicial proceedings for one to be punished for a crime must be held in common law and any allowance for punishment without a judicial trial is a Bill of Attainder expressly forbidden by Article 1 § 9 of the Constitution. This Petitioner does not need a recent case such as Blakely, supra at page 9, to demonstrate that Sixth amendment

18

violation leaves the Court void of jurisdiction, this was addressed over a hundred years ago.

> The finding of issue of fact by the court upon the evidence is altogether unknown to common law court and cannot be recognized as a judicial act; such questions are **exclusively for the jury.** (emphasis added)

Rogers v. United States, (1891) 141 U.S. 548, 35 L.Ed. 853, 12 S.Ct.91

Petitioner was obviously not charged with a crime aganist the United States which requires that criminal prosecutions be held in the course of the common law. Rather, a UNITED STATES DISTRICT COURT, operating as a **"State"** court for the District of Columbia, held its civil law mode of criminal procedure style trial, using **presumption** that petitioner was subject to it, for violation of the administrative criminal **Policies** of the UNITED STATES OF AMERICA. This system of justice runs afoul of the due process of law provided by the Constitution, leaving the trial court **without subject matter jurisdiction,** and is unconstitutional as applied. Additionally this petitioner has a Ninth Amendment right not to be subject to the use of "presumptions" by the legislative State of the District of Columbia.

Regardless whether the trial court was authorized by the Local Civil Rules of the District of Columbia or any "deck" for miscellaneous cases, ancillary jurisdiction, pending related case, supplementary rules, special proceedings, standing orders, internal memos, "contempts constituting crimes", tort laws, and any other District of Columbia policy or procedure, the entire trial process that was used against this petitioner was in violation of constitutional due process, thereby making it **void** and **without jurisdiction.**

By **presuming,** this petitioner is a member of the special purpose entity, body politic called the UNITED STATES OF AMERICA, the municipal Government defacto, has unlawfully subjected this petitioner, a Citizen of the United States and member of the body sovereign, government de

19

Jure, to a non-judicial trial done in the course of the civil law. Petitioner is guaranteed "due process of Law", not "prevailing usages of law" by the supreme law of the land, and there was no valid jurisdiction in petitioner's CRIMINAL CASE at the indictment, trial or sentencing stage.

## SUMMARY AND CONCLUSION

Petitioner has only raised three issues in this 60 (b) action in regards to subject matter jurisdiction. Clearly, there are many many more examples that this petitioner did not bother to cite. The UNITED STATES OF AMERICA cannot "do away" with the Constitution of the United States, which is still very much, **the law of the land.** If anything it appears that the body politic/body corportate is warring with the body soveriegn. Federalism should not **erode** the due process of law, as it has now done, ever so gradually, over the last Seventy Years.

Perhaps Supreme Court Justices O'Connor and Rehnquist decided that they would leave a remedy in place before they departed the Court. Gonzalez is one of the very last cases that both justices would ever participate in as active Supreme Court Justices. Surprisingly both O'Connor and Rehnquist joined the majority in the Gonzalez opinion, where traditionally you would expect both of these justices to be on opposing side of a Justice Scalia rendered opinion, that didn't further "State" intrests. No matter what the motivation, there can be no doubt that Rule 60 (b) is and remains, available procedurally for judgements **void for lack of subject matter jurisdiction** pursuant to the majority's opinion in Gonzalez.

To re-iterate, petitioner's most fundamental rights to due process of law, as outlined in the Northwest Ordinance; Fifth, Sixth, Ninth, and Fourteenth Amendments to the Constitution; and Articles I and III

20

of the same instrument, have been violated. This manifest constitutional injustice resulted in there being no subject matter jurisdiction from the very begining of petitioner's quasi-judicial proceedings. Proceedings that were done in the course of the civil law, instead of the common law, in complete disregard of the guarantees in the Northwest Ordance. Therefore, in the interest of justice this petitioner request the following relief be granted by this Article III district court of the United States:

1. That the "Civil" JUDGMENT IN A CRIMINAL CASE issued from a State forum operating from a Federal District Court, be **vacated** due to a complete lack of subject matter jurisdiction caused by the use of an instrument labeled and INDICTMENT, and a process that was **VOID** from its inception.

2. Refunding of any and all "special assessment fees" that were charged due to the invalid JUDGMENT.

3. Compliance with **Title 28 § 1657(a),** causing this court to give this independent action its highest priority for "good cause". (due to manifest constitutional injustice demonstrated throughout this action).

This independent action is presented as all facts within it being true and correct, under penaly of perjury, pursuant to Title 28 § 1746 this_____ Day of _____2008

By:_____
    Jose Abraham Espino-Rangel

**21**

## SWORN AFFIDAVIT OF
## Jose Abraham Espino-Rangel
## As To Support

### Speedy Trial Act Violation

#### Case No.: EP-06-CR-0052-PRM

STATE OF LOUISIANA          §
ALLEN PARISH               §
                            §

"Indeed, no more than (Affidavits) is necessary to make prima facia case," **United States v. Kis**, 658 F.2d, 526, 536 (7th Cir. 1981); Cert. Denied, 50 U.S.C.W. 2169; S.Ct. March 22, 1982.

Jose Abraham Espino-Rangel, a living breathing man, herein "Affiant," having been first duly sworn, depose, state and declare that Affiant is competent to state the matters included in the declaration; has knowledge of the facts and supported by federal rules, laws of the United States and the Constitution of these United States of America. Affiant, Jose Abraham Espino-Rangel, am a follower of the laws of The Almighty Supreme Creator, first and foremost and the laws of man when they are not in conflict (Leviticus 18:3, 4). Let my yea be yea, and my nay be nay, as supported by Federal Public Law 97-280, 96 Stat. 1211, understanding the liabilities presented in **Brisco v. LaHue**, 460 U.S. 325, and herein states:

1.) That Affiant was arrested by the Federal United States Government on December 16, 2005.

2.) That Affiant was arraigned by Magistrate Judge Richard P. Mesa on December 19, 2005.

3.) That Affiant's felony pleading was accepted by Magistrate Judge Richard P. Mesa on January 20, 2006.

4.) That Affiant states. "Where there is no jurisdiction over the subject matter, there is, as well, no discretion to ignore that lack of jurisdiction. (See F.R. Civ. Proc. 12(h)(3)). Rule 12(h)(3) of the F.R.Civ.Proc.

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT
APR - 3 2008
FILED

5.) That Affiant states "Under Speedy Trial Act", not every continuance creates excludable time; only continuances based on findings that ends of justice outweigh best interest of public and defendant in a speedy trial create excludable time **18 U.S.C.A § 3161 (h) (1) (F), (h) (8) (C).**

6.) That Affiant states "Under Speedy Trial Act", continuance creating excludable time must be granted before period sought to be excludable begins to run. **18 U.S.C.A. § 3161 (h) (8) (A).** Further, Speedy Trial Act does not provide retroactive continuances. District judge cannot wipe out violations of Speedy Trial Act after they have occurred by making findings that would have justified granting excludable delay continuance before delay occurred."See **United State, v. Carlone, 666 F.2d 1112 (7th Cir. 1981)".** A judge cannot grant an 'ends of justice' continuance non pro tung, providing after the fact justification for unathorized delays.

7.) That Affiant states. "If 30 days is to little to dispose of a particular pretrial motion, the judge can grant a continuance either on his own motion or on that of counsel for either party. See: **United States v. DeLongchamps, 679 F.2d 217, 220 (11th Cir. 1982)."**

8.) That Affiant states. "An ends of Justice" exclusion under the Speedy Trial Act must be: (1) Specially limited in time, and (2) Justified on the record with reference to the facts as of the time the delay is ordered, **18 U.S.C.A. § 3161 (h) (8) (A)."**

9.) That Affiant states. "Negotiation of a plea bargain is not one of the factors supporting an exclusion from the time limits of the Speedy Trial Act. Immigration and Nationality Act, § 276, 8 U.S.C.A. § 1326; 18 U.S.C.A. § 3161 (b,h). See: **U.S. v. Ramirez-Cortez, 213 F.3d 1149 (9th Cir. 2000)."**

-2-

10.)    That Affiant states. "District Court's failure to impose limit on it's 'ends of justice' continuance and to make findings to justify continuance violated the Speedy Trial Act. 18 U.S.C.A. § 3161 (h)(8)(A). See: U.S. v. Jordan, 915 F.2d 563 (9th Cir. 1990)."

11.)    That Affiant states. "The Supreme Court has ruled that a dismissal of an indictment is a drastic but appropriate remedy in instances where there has been a denial of one's right to a speedy trial. See Strunk v. United States, 412 U.S. 434, 93 S.Ct. 2260, 37 L.Ed. 2d. 56 (1973). Justice Kelleher stated "However, we believe that the whole thrust and spirit of Strunk is that in matter of speedy trial the prosecution has but one bite at the apple."

12.)    That Affiant states. "Dual purpose of the Speedy Trial Act is to protect defendant's constitutional right to Speedy indictment and trial, and to serve public interest of bringing prompt criminal proceedings. 18 U.S.C.A. §§ 3161-3174; U.S.C.A. Const. Amend 5."

13.)    That Affiant states. "The Senate Committee made clear, in the strongest possible terms, that any construction which holds that any of the provisions of The Speedy Trial Act is waivable by defendant... is contrary to legislative intent and subversive of its primary objective: Protection of the social interest in speedy disposition of criminal cases by preventing undue delay in bringing such case to trial." S. Rep. No. 212, 96th Cong., 1st Sess. 29 (1979).

14.)    That Affiant states. "It is incumbant on the court to make the necessary § 3161 (h)(8)(A) finding before a court may grant a continuance. See: Perez-Reneles, 715 F.2d @ 1352. Therefore, we find an attempted "waiver" by the defendant is necessarily invalid unless

the court simultaneously makes 'ends of justice' findings. <u>See:</u>
<u>**Carrasquillo, 667 F.2d @ 390.**</u> "It would be inconsistent with the
statutory scheme to permit a defendant through a purported 'waiver,'
to relieve the court of obligation." Amended Speedy Trial Act; Guide-
lines @ 776."

15.)    That Affiant states. "The statute imposes an obligation upon
the court to reject a waiver offered by the defendant. <u>**Pringle, 951**</u>
<u>**F.2d @ 434**</u>."

16.)    That Affiant states. "Speedy Trial Act" was enacted in part
out of dissatisfaction with **Sixth Amendment**  Speedy Trial Jurisprud-
ence and to put more life into defendants' speedy trial rights. 18
U.S.C.A. § 3161 et seq. **U.S.C.A. Const. Amend. 6.**" No provision of
the Speedy Trial Act is intended to bar any **Sixth Amendment** Speedy
Trial claims.

17.)    That Affiant states. "Ends of justice" continuance, which tolls
running of 70-day period of Speedy Trial Act [18 **U.S.C.A. § 3161** (c)
(1)] in which defendant must be brought to trial, cannot begranted
simply to serve trial court's own scheduling needs, as opposed to
needs of parties. 18 **U.S.C.A. § 3161 (h)(8).**"

18.)    That Affiant states. "Because the filing of the indictment or
information lies entirely within the prosecutors discretion, it is
ultimately the obligation of the government to ensure compliance with
the Speedy Trial Act." <u>See:</u> <u>**United States v. Saltzman, 984 F.2d 1087,**</u>
<u>**1091 (10th Cir. 1993)**</u>.

19.)    That Affiant states. "Defendant does not have to show actual
prejudice from pretrial delay if the length of delay, reason for delay,
and defendant's assertion of that right weigh heavily against the

the government."

20.)    That Affiant states. "Statutory 70-day period before commence-
ment of trial under Speedy Trial Act began to run on date that indict-
ment was filed rather than on date of defendant's post-indictment
arraignment where defendant made a preindictment initial appearance.
18 U.S.C.A. § 3161(c)(2)." See: U.S. v. Carrasquillo, 667 F.2d 382
(3rd Cir. 1981).

21.)    That Affiant states. "The key to the decision in this case is
whether the defendant had to show prejudice from delay in bringing
him to trial. If he had to make such a showing, he loses. If he does
not have the burden, he wins. In Barker v. Wingo, 407 U.S. 514, 92
S.Ct. 2182, 33 L.Ed. 2d. 101 (1972). The Supreme Court established a
four-part balancing test for evaluating claims and denials of the
constitutional right to a speedy trial. The factors to be weighed
are:

          (1) Length of delay
          (2) Reason for delay
          (3) Defendant's assertion of the right
          (4) Prejudice to defendant. Id @ 530, 92 S.Ct. @1291.

Under Barker, the length of the delay must be "presumeably pre-
judicial" in order to trigger an inquiry into the other three factors.
The defendant does not have to show actual prejudice by delay, how-
ever, if the first three factors weigh heavily against the govern-
ment. U.S. v. Mitchell, 769 F.2d 1544, 1547 (11th Cir. 1985), cert.
denied, 474 U.S. 1066, 106 S.Ct. 819, 88 L.Ed. 2d. 792 (1986).

## SPEEDY TRIAL ACT VIOLATION CHART
## CRIMINAL DOCKET FOR CASE #: 3:06-CR-00052-PRM-1 (ESPINO-RANGEL,et al

| Date filed | Docket # | Motion/Order | Excludable days | Non-Excludable |
|---|---|---|---|---|
| 12-19-2005 | #1 | Complained filed against Jose Abraham Espino-Rangel (arrested on 12/16/2005. | | |
| 12-19-2005 | #2 | Motion | - | - |
| | | Oral Order[2-1] | - | - |
| 12-22-2005 | #8 | Order [2-1] | 3 days | - |
| 01-11-2006 | #9 | Indictment against Jose Abraham Espino-Rangel | | |
| 02-24-2006 | #17 | Motion | - | - |
| 02-28-2006 | #19 | Order[17-1] | 4 days | - |
| 03-01-2006 | #20 | Superseding Indictment (STA-time still running) | | |
| 04-17-2006 | #34 | Motion | - | - |
| 04-24-2006 | #39 | Order[34-1] | 7 days | - |
| 04-27-2006 | #40 | Motion | - | - |
| 05-08-2006 | #46 | Order[40-1] | 11 days | - |
| 05-08-2006 | --- | Voir Dire (Clock Stops). | - | - |

"Criminal Docket Sheet Attached as Exhibit (A)" (70 + 25)= 95 days Excludable time. Total of days from inception equals to 140 minus 95 excludable days equals to: (45 days of Speedy Trial Act Violation). A Violation of Speedy Trial Act warrants a dismissal of indictment with prejudice; 18 U.S.C.A≀ § 3161 (c)(1); U.S.C.A. Constitutional Amend. 5.

### REDRESS DEMANDED

THEREFORE, Affiant, Jose Abraham Espino-Rangel, make [H]is demand for immediate release, based on the foregoing facts of Affiant's affidavit. Unless the government agents can show proof that the stated Rules, U.S. Codes and the Constitution of the United States of America are falsified by the Affiant by Counter-Affidavit,(The Court must Accept As True, If It Is Un-Controverted By Counter-Affidavit Or Evidence.") See: **Kohlberg v. Lehlback (1895); 03 Am. Jur.2d Affidavits** § 20. The Affiant, Jose Abraham Espino-Rangel, is to be **ORDERED** for Immediate Release, within the **Time** provided for response under Habeas Corpus Act defined as Article I, Sec. IX, Cl. II, of the United States Constitution and Statutory Title **28 U.S.C. § 2243.**

Signed in compliance with Title 28 U.S.C. § 1746; has the same effect of signing in the presence of a Notary.

> "I declare under the penalty of purjury under the laws of the United States of America that the foregoing is true and correct."

Executed on <u>24th</u>Day of March 2008.

_Jose A. Espino R._
Jose Abraham Espino-Rangel

## WITNESSES:

Alvaro Guerra
**Printed Name**

_signature_
**Signed**

Jonathan D. Nelson
**Printed Name**

_signature_
**Signed**

7

SWORN AFFIDAVIT OF

Jose Abraham Espino-Rangel

As To Support


Speedy Trial Act Violation

Case No.: EP-06-CR-0052-PRM

| | |
|---|---|
| STATE OF LOUISIANA | §<br>§<br>§ |
| ALLEN PARISH | |

"Indeed, no more than (Affidavits) is necessary to make prima facia case," **United States v. Kis**, 658 F.2d, 526, 536 (7th Cir. 1981); Cert. Denied, 50 U.S.C.W. 2169; S.Ct. March 22, 1982.

Jose Abraham Espino-Rangel ., a living breathing man, herein "Affiant," having been first duly sworn, depose, state and declare that Affiant is competent to state the matters included in the declaration; has knowledge of the facts and supported by federal rules, laws of the United States and the Constitution of these United States of America. Affiant, Jose Abraham Espino-Rangel , am a follower of the laws of The Almighty Supreme Creator, first and foremost and the laws of man when they are not in conflict (Leviticus 18:3, 4). Let my yea be yea, and my nay be nay, as supported by Federal Public Law 97-280, 96 Stat. 1211, understanding the liabilities presented **Brisco v. LaHue**, 460 U.S. 325, and herein states:

1.) That Affiant was arrested by the Federal United States Government on December 16, 2005.

2.) That Affiant was arraigned by Magistrate Judge Richard P. Mesa on December 19, 2005.

3.) That Affiant's felony pleading was accepted by Magistrate Judge Richard P. Mesa on January 20, 2006.

4.) That Affiant states. "Where there is no jurisdiction over the subject matter, there is, as well, no discretion to ignore that lack of jurisdiction. (See F.R. Civ. Proc. 12(h)(3)). Rule 12(h)(3) of the F.R.Civ.Proc.

-1-

5.) That Affiant states "Under Speedy Trial Act", not every continuance creates excludable time; only continuances based on findings that ends of justice outweigh best interest of public and defendant in a speedy trial create excludable time 18 U.S.C.A § 3161 (h) (1) (F), (h) (8) (C).

6.) That Affiant states "Under Speedy Trial Act", continuance creating excludable time must be granted before period sought to be excludable begins to run. 18 U.S.C.A. § 3161 (h) (8) (A). Further, Speedy Trial Act does not provide retroactive continuances. District judge cannot wipe out violations of Speedy Trial Act after they have occurred by making findings that would have justified granting excludable delay continuance before delay occurred."See **United State, v. Carlone, 666 F.2d 1112 (7th Cir. 1981)".** A judge cannot grant an 'ends of justice' continuance non pro tung, providing after the fact justification for unathorized delays.

7.) That Affiant states. "If 30 days is to little to dispose of a particular pretrial motion, the judge can grant a continuance either on his own motion or on that of counsel for either party. **See: United States v. DeLongchamps, 679 F.2d 217, 220 (11th Cir. 1982)."**

8.) That Affiant states. "An ends of Justice" exclusion under the Speedy Trial Act must be: (1) Specially limited in time, and (2) Justified on the record with reference to the facts as of the time the delay is ordered, 18 U.S.C.A. § 3161 (h) (8) (A)."

9.) That Affiant states. "Negotiation of a plea bargain is not one of the factors supporting an exclusion from the time limits of the Speedy Trial Act. Immigration and Nationality Act, § 276, 8 U.S.C.A. § 1326; 18 U.S.C.A. § 3161 (b,h). See: **U.S. v. Ramirez-Cortez, 213 F.3d 1149 (9th Cir. 2000)."**

-2-

10.)   That Affiant states. "District Court's failure to impose limit on it's 'ends of justice' continuance and to make findings to justify continuance violated the Speedy Trial Act. 18 U.S.C.A. § 3161 (h)(8)(A). See: U.S. v. Jordan, 915 F.2d 563 (9th Cir. 1990)."

11.)  ¹ That Affiant states. "The Supreme Court has ruled that a dismissal of an indictment is a drastic but appropriate remedy in instances where there has been a denial of one's right to a speedy trial. See Strunk v. United States, 412 U.S. 434, 93 S.Ct. 2260, 37 L.Ed. 2d. 56 (1973). Justice Kelleher stated "However, we believe that the whole thrust and spirit of Strunk is that in matter of speedy trial the prosecution has but one bite at the apple."

12.)   That Affiant states. "Dual purpose of the Speedy Trial Act is to protect defendant's constitutional right to Speedy indictment and trial, and to serve public interest of bringing prompt criminal proceedings. 18 U.S.C.A. §§ 3161-3174; U.S.C.A. Const. Amend 5."

13.)   That Affiant states. "The Senate Committee made clear, in the strongest possible terms, that any construction which holds that any of the provisions of The Speedy Trial Act is waivable by defendant... is contrary to legislative intent and subversive of its primary objective: Protection of the social interest in speedy disposition of criminal cases by preventing undue delay in bringing such case to trial." S. Rep. No. 212, 96th Cong., 1st Sess. 29 (1979).

14.)   That Affiant states. "It is incumbent on the court to make the necessary § 3161 (h)(8)(A) finding before a court may grant a continuance. See: Perez-Reneles, 715 F.2d @ 1352. Therefore, we find an attempted "waiver" by the defendant is necessarily invalid unless

the court simultaneously makes 'ends of justice' findings. <u>See</u>: <b>Carrasquillo, 667 F.2d @ 390</b>. "It would be inconsistent with the statutory scheme to permit a defendant through a purported 'waiver,' to relieve the court of obligation." Amended Speedy Trial Act; Guidelines @ 776."

15.)    That Affiant states. "The statute imposes an obligation upon the court to reject a waiver offered by the defendant. <b>Pringle, 951 F.2d @ 434</b>."

16.)    That Affiant states. "Speedy Trial Act" was enacted in part out of dissatisfaction with <b>Sixth Amendment</b> Speedy Trial Jurisprudence and to put more life into defendants' speedy trial rights. <b>18 U.S.C.A. § 3161 et seq. U.S.C.A. Const. Amend. 6</b>." No provision of the Speedy Trial Act is intended to bar any <b>Sixth Amendment</b> Speedy Trial claims.

17.)    That Affiant states. "Ends of justice" continuance, which tolls running of 70-day period of Speedy Trial Act [<b>18 U.S.C.A. § 3161 (c) (1)</b>] in which defendant must be brought to trial, cannot begranted simply to serve trial court's own scheduling needs, as opposed to needs of parties. <b>18 U.S.C.A. § 3161 (h)(8)</b>."

18.)    That Affiant states. "Because the filing of the indictment or information lies entirely within the prosecutors discretion, it is ultimately the obligation of the government to ensure compliance with the Speedy Trial Act." See: <u><b>United States v. Saltzman, 984 F.2d 1087, 1091 (10th Cir. 1993)</b></u>.

19.)    That Affiant states. "Defendant does not have to show actual prejudice from pretrial delay if the length of delay, reason for delay, and defendant's assertion of that right weigh heavily against the

the government."

20.)    That Affiant states. "Statutory 70-day period before commence-ment of trial under Speedy Trial Act began to run on date that indict-ment was filed rather than on date of defendant's post-indictment arraignment where defendant made a preindictment initial appearance. 18 U.S.C.A. § 3161(c)(2)." See: U.S. v. Carrasquillo, 667 F.2d 382 (3rd Cir. 1981).

21.)    That Affiant states. "The key to the decision in this case is whether the defendant had to show prejudice from delay in bringing him to trial. If he had to make such a showing, he loses. If he does not have the burden, he wins. In Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed. 2d. 101 (1972). The Supreme Court established a four-part balancing test for evaluating claims and denials of the constitutional right to a speedy trial. The factors to be weighed are:

> (1) Length of delay
> (2) Reason for delay
> (3) Defendant's assertion of the right
> (4) Prejudice to defendant. Id @ 530, 92 S.Ct. @1291.

Under Barker, the length of the delay must be "presumeably pre-judicial" in order to trigger an inquiry into the other three factors. The defendant does not have to show actual prejudice by delay, how-ever, if the first three factors weigh heavily against the govern-ment. U.S. v. Mitchell, 769 F.2d 1544, 1547 (11th Cir. 1985), cert. denied, 474 U.S. 1066, 106 S.Ct. 819, 88 L.Ed. 2d. 792 (1986).

## SPEEDY TRIAL ACT VIOLATION CHART
## CRIMINAL DOCKET FOR CASE #: 3:06-CR-00052-PRM-1 (ESPINO-RANGEL,et al

| Date filed | Docket # | Motion/Order | Excludable days | Non-Excludable |
|------------|----------|--------------|-----------------|----------------|
| 12-19-2005 | #1 | Complained filed against Jose Abraham Espino-Rangel (arrested on 12/16/2005. | | |
| 12-19-2005 | #2 | Motion | - | - |
| | | Oral Order[2-1] | - | - |
| 12-22-2005 | #8 | Order [2-1] | 3 days | - |
| 01-11-2006 | #9 | Indictment against Jose Abraham Espino-Rangel | | |
| 02-24-2006 | #17 | Motion | - | - |
| 02-28-2006 | #19 | Order[17-1] | 4 days | - |
| 03-01-2006 | #20 | Superseding Indictment (STA-time still running) | | |
| 04-17-2006 | #34 | Motion | - | - |
| 04-24-2006 | #39 | Order[34-1] | 7 days | - |
| 04-27-2006 | #40 | Motion | - | - |
| 05-08-2006 | #46 | Order[40-1] | 11 days | - |
| 05-08-2006 | --- | Voir Dire (Clock Stops). | | - |

**"Criminal Docket Sheet Attached as Exhibit (A)"** (70 + 25)= 95 days Excludable time. Total of days from inception equals to 140 minus 95 excludable days equals to: **(45 days of Speedy Trial Act Violation).** A Violation of Speedy Trial Act warrants a dismissal of indictment with prejudice; **18 U.S.C.A⸱ § 3161 (c)(1); U.S.C.A. Constitutional Amend. 5.**

### REDRESS DEMANDED

THEREFORE, Affiant, Jose Abraham Espino-Rangel, make [H]is demand for immediate release, based on the foregoing facts of Affiant's affi-davit. Unless the government agents can show proof that the stated Rules, U.S. Codes and the Constitution of the United States of America are falsified by the Affiant by Counter-Affidavit,(The Court must Accept As True, If It Is Un-Controverted By Counter-Affidavit Or Evidence.") See: **Kohlberg v. Lehlback (1895); 03 Am. Jur.2d Affidavits § 20.** The Affiant, Jose Abraham Espino-Rangel, is to be **ORDERED** for Immediate Release, within the **Time** provided for response under Habeas Corpus Act defined as Article I, Sec. IX, Cl. II, of the United States Constitution and Statutory Title **28 U.S.C. § 2243.**

Signed in compliance with Title 28 U.S.C. § 1746; has the same effect of signing in the presence of a Notary.

> "I declare under the penalty of purjury under the laws of the United States of America that the foregoing is true and correct."

Executed on 26 Day of february 2008.

_____
**Jose Abraham Espino-Rangel**

**WITNESSES:**

Raphael-Raymond: Levy
Printed Name

Signed

Jose Abraham Espino R
Printed Name

Jose A Espino
Signed



F8-600
ESH

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**

JOSE ESPINO-RANGEL

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __88888__
(EXCEPT IN U.S. PLAINTIFF CASES)

Pro Se Yr

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
# 64642-180

**DEFENDANTS**

USA

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:08-cv-00600
Assigned To : Huvelle, Ellen S.
Assign. Date : 4/3/2008
Description: Pro Se General Civil

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

□ 1 U.S. Government Plaintiff

□ 3 Federal Question
(U.S. Government Not a Party)

(●) 2 U.S. Government Defendant

□ 4 Diversity
(Indicate Citizenship of Parties in item III)

**III CITIZENS** (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | □ 1 | □ 1 | Incorporated or Principal Place of Business in This State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**□ A. Antitrust**

□ 410 Antitrust

**□ B. Personal Injury/ Malpractice**

□ 310 Airplane
□ 315 Airplane Product Liability
□ 320 Assault, Libel & Slander
□ 330 Federal Employers Liability
□ 340 Marine
□ 345 Marine Product Liability
□ 350 Motor Vehicle
□ 355 Motor Vehicle Product Liability
□ 360 Other Personal Injury
□ 362 Medical Malpractice
□ 365 Product Liability
□ 368 Asbestos Product Liability

**□ C. Administrative Agency Review**

□ 151 Medicare Act

Social Security:
□ 861 HIA ((1395ff)
□ 862 Black Lung (923)
□ 863 DIWC/DIWW (405(g)
□ 864 SSID Title XVI
□ 865 RSI (405(g)

Other Statutes
□ 891 Agricultural Acts
□ 892 Economic Stabilization Act
□ 893 Environmental Matters
□ 894 Energy Allocation Act
□ 890 Other Statutory Actions (If Administrative Agency is Involved)

**□ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**□ E. General Civil (Other) OR (●) F. Pro Se General Civil**

Real Property
□ 210 Land Condemnation
□ 220 Foreclosure
□ 230 Rent, Lease & Ejectment
□ 240 Torts to Land
□ 245 Tort Product Liability
□ 290 All Other Real Property

Personal Property
□ 370 Other Fraud
□ 371 Truth in Lending
□ 380 Other Personal Property Damage
□ 385 Property Damage Product Liability

Bankruptcy
□ 422 Appeal 28 USC 158
□ 423 Withdrawal 28 USC 157

Immigration
□ 462 Naturalization Application
□ 463 Habeas Corpus- Alien Detainee
□ 465 Other Immigration Actions

Prisoner Petitions
□ 535 Death Penalty
□ 540 Mandamus & Other
□ 550 Civil Rights
□ 555 Prison Condition

Property Rights
□ 820 Copyrights
□ 830 Patent
□ 840 Trademark

Federal Tax Suits
□ 870 Taxes (US plaintiff or defendant

□ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
□ 610 Agriculture
□ 620 Other Food &Drug
□ 625 Drug Related Seizure of Property 21 USC 881
□ 630 Liquor Laws
□ 640 RR & Truck
□ 650 Airline Regs
□ 660 Occupational Safety/Health
□ 690 Other

Other Statutes
□ 400 State Reapportionment
□ 430 Banks & Banking
□ 450 Commerce/ICC Rates/etc.

□ 460 Deportation
□ 470 Racketeer Influenced & Corrupt Organizations
□ 480 Consumer Credit
□ 490 Cable/Satellite TV
□ 810 Selective Service
□ 850 Securities/Commodities/ Exchange
□ 875 Customer Challenge 12 USC 3410
□ 900 Appeal of fee determination under equal access to Justice
□ 950 Constitutionality of State Statutes
□ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

2

| □ G. *Habeas Corpus/ 2255* | □ H. *Employment Discrimination* | □ I. *FOIA/PRIVACY ACT* | □ J. *Student Loan* |
|---|---|---|---|
| □ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | □ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | □ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| □ K. *Labor/ERISA (non-employment)* | □ L. *Other Civil Rights (non-employment)* | □ M. *Contract* | □ N. *Three-Judge Court* |
|---|---|---|---|
| □ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting & Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ 441 Voting (if not Voting Rights Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>□ 445 American w/Disabilities-Employment<br>□ 446 Americans w/Disabilities-Other | □ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment & Enforcement of Judgment<br>□ 153 Recovery of Overpayment of Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

● 1 Original Proceeding  □ 2 Removed from State Court  □ 3 Remanded from Appellate Court  □ 4 Reinstated or Reopened  □ 5 Transferred from another district (specify)  □ Multi district Litigation  □ 7Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

*42 USC 1983*

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS   □   ACTION UNDER F.R.C.P. 23   **DEMAND $**   Check YES only if demanded in complaint   **JURY DEMAND:** □ YES   ● NO

**VIII. RELATED CASE(S) IF ANY)f.**   (See instruction)   □ YES   ● NO   If yes, please complete related case form.

DATE  *4.3.08*   SIGNATURE OF ATTORNEY OF RECORD   *NGD*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.