UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Jose Abraham Espino-Rangel, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 08-0600 (ESH) |
| United States of America, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Petitioner is a prisoner who currently is incarcerated at the Federal Correctional Institution in Oakdale, Louisiana. In this "Independent Action" filed under Rule 60(b)(4) of the Federal Rules of Civil Procedure, he seeks to "vacate the **civil Judgment in a Criminal Case** . . . due to a lack of <u>subject matter jurisdiction</u>, in Western District of Texas, Docket No. EP-06-CR-0052-PRM." Compl. at 1 (emphasis and bold type in original). The only reasonable interpretation of this pleading is that petitioner challenges a judgment of conviction on the erroneous belief that the sentencing court lacked subject matter jurisdiction.[1]

Judicial review of a federal conviction and sentence is available under 28 U.S.C. § 2255, which states as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255] shall not be entertained if it appears that the applicant has failed to apply for [§ 2255] relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the

---

[1] Petitioner requests that the "'Civil' JUDGMENT IN A CRIMINAL CASE issued from a state forum operating from a Federal District Court , be **vacated** due to a complete lack of subject matter jurisdiction;" and that "any and all 'special assessment fees'" be refunded. Compl. at 21 (capitalization and bold type in original).

>     remedy by motion is inadequate or ineffective to test the legality of
>     his detention.

28 U.S.C. § 2255. *See Taylor v. United States Bd. of Parole,* 194 F.2d 882, 883 (D.C. Cir. 1952) (attack on the constitutionality of the statute under which defendant was convicted and sentenced is properly pursued by motion under 28 U.S.C. § 2255); *Ojo v. Immigration & Naturalization Serv.*, 106 F.3d 680, 683 (5th Cir. 1997) (the sentencing court is the only court with jurisdiction to hear defendant's complaint regarding errors that occurred before or during sentencing).

In the absence of any basis for finding petitioner's remedy under § 2255 inadequate or ineffective, this civil court lacks jurisdiction to entertain the petition as an "independent action" under Rule 60(b). *See Woodford v. Garceau*, 538 U.S. 202, 208 (2003) ("The Federal Rules of Civil Procedure apply in the context of habeas suits to the extent that they are not inconsistent with the Habeas Corpus Rules."); Fed. R. Civ. P. 81(a)(4) (2007) (civil rules of procedure applicable "to the extent that the practice in [habeas] proceedings is not specified in a federal statute . . . or the Rules Governing Section 2255 Cases").

Because petitioner's recourse lies in the sentencing court, the Court dismisses the case for want of jurisdiction. A separate order accompanies this Memorandum Opinion.

                                                      /s/
                                     ELLEN SEGAL HUVELLE
                                     United States District Judge

DATE: April 22, 2008